IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **JIMMY STRICKLAND,** individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**BFC SOLUTIONS,**<br><br>Defendant. | ) | Civil Action No. |

**<u>NOTICE OF REMOVAL PURSUANT TO 28. U.S.C. §§ 1441 AND 1453</u>**

Defendant BFC Solutions, hereby removes this state court action captioned *Jimmy Stickland v. BFC Solutions*, Case No. 25-1163-III, filed in the Chancery Court of Davidson County, Tennessee Twentieth Judicial District, at Nashville, pursuant to 28 U.S.C. §§ 1441(a) and 1453(b).

## I. BACKGROUND

1. On August 20, 2025, Plaintiff Jimmy Strickland, individually, and on behalf of himself and all others similarly situated ("Plaintiff"), filed a Class Action Complaint against BFC Solutions in the Chancery Court of Davidson County, Tennessee Twentieth Judicial District, at Nashville (the "Complaint"). A copy of the Complaint is attached as <u>Exhibit A</u> to this Notice.

2. The Summons and Complaint were served on BFC Solutions on September 4, 2025.

3. According to the Complaint, Plaintiff is a citizen of Mississippi. Compl. ¶ 11.

4. BFC Solutions is a limited liability company organized under the laws of Delaware, with its principal place of business located in Nashville, Tennessee. Compl. ¶ 12.

5. Plaintiff alleges in the Complaint that BFC Solutions failed to secure and protect Plaintiff's and the class members' Personal Identifiable Information ("PII") that BFC Solutions collected and maintained as part of its regular business practices. Compl. ¶¶ 1-2.

6. Plaintiff asserts the following causes of action in the Complaint: (1) Negligence; (2) Negligence *Per Se*; (3) Unjust Enrichment; (4) Invasion of Privacy; (5) Breach of Fiduciary Duty; (6) Breach of Implied Contract; and (7) Declaratory Judgment. Compl. ¶¶ 144-237.

7. Plaintiff alleges that the exact number of potential class members is currently unknown, but claims that BFC Solutions "was or should have been fully aware of the unique type and the significant volume of data on [BFC Solutions'] server(s) amounting to more than twenty thousand individuals' detailed, Private Information, and thus, the significant number of individuals who would be harmed by the exposure." Compl. ¶ 58.

8. Plaintiff seeks to bring a nationwide putative class action on behalf of himself and on behalf of all others similarly situated. Compl. ¶ 133.

9. Plaintiff alleges that his and the class members' PII has high value to criminals and can be sold at prices ranging from $40 to $200 on the black market, and up to $4,500 for access to the entire company's information. Compl. ¶ 65.

10. Plaintiff alleges that the retain cost of credit monitoring and identity theft monitoring costs around $200 a year per person. Compl. ¶ 108. Plaintiff requests, among other things, that Defendant provides credit monitoring to all class members for an indefinite period of time. Compl. ¶ 179.

11. Plaintiff alleges that he and the class members have suffered a loss on the value of their PII. Compl. ¶ 66.

12. Plaintiff seeks declaratory, injunctive relief, and other equitable relief, along with recovery, for himself and members of the putative class, of damages that includes compensatory damages, exemplary damages, statutory damages, restitution, and attorney fees. Compl., Prayer for Relief, ¶¶ A-G.

13. BFC Solutions has not filed a responsive pleading or otherwise responded to the Complaint in the state court action.

14. This notice of removal is timely because it is being filed within thirty (30) days of September 4, 2025, which is when BFC Solutions accepted service of the Complaint. 28 U.S.C. § 1446(b)(1).

15. BFC Solutions has informed Plaintiff's counsel regarding the filing of this Notice of Removal.

## II. GROUNDS FOR REMOVAL

16. A federal court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), as amended by the Class Action Fairness Act of 2005 ("CAFA"), whereby original jurisdiction is given in "any civil action in the matter in controversy exceeds the sum or value of $5,000,000… and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant " *Id*. Furthermore, the class action has to have more than hundred (100) members and the amount in controversy can be an aggregate amount of the claims of the individual class members, exclusive of interest and costs. *See id.* at § 1332(5) and (6).

17. Here, there are members of the proposed class that reside outside of Tennessee.[1] Minimum diversity is achieved because members "of a class of plaintiffs [are] citizen[s] of a State different from" BFC Solutions. *See* 28 U.S.C. § 1332(d)(2).

---

[1] *See* Office of the Maine AG: Consumer Protection: Privacy, Identity Theft and Data Security Breaches (last accessed on September 26, 2025).

18. Plaintiff brought this action on behalf of an alleged nationwide putative class of potentially thousands of individuals. Compl. ¶ 58. The number of individuals notified by BFC Solutions, and communicated to relevant regulatory bodies of the Incident that is the subject of Plaintiff's Complaint, is approximately 8,371.[2]

19. More than two-thirds of these individuals had mailing addresses outside of Tennessee.

20. The amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs, as supported by the Plaintiff's Complaint. Although Plaintiff does not allege a specific amount in controversy in the Complaint, based on the class size, causes of action, alleged damages to Plaintiff's and Class Members' PII, and the request for compensatory damages, punitive damages, injunctive relief (including credit monitoring) and attorney's fees, the amount in controversy exceeds $5,000,000 in the aggregate.

21. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *Id.* at § 1446(a).

22. Upon filing this Notice of Removal, BFC Solutions will file it, along with the Complaint and Civil Summons, with the Chancery Court of Davidson County, Tennessee Twentieth Judicial District, at Nashville, which in turn will give written notice to the Plaintiff. *See* id. at § 1446(d).

23. Pursuant to 28 U.S.C. § 1446(a), BFC is attaching a copy of all process, pleadings and orders served upon it in this action as <u>Exhibit B</u>.

---

[2] *Id.*

Respectfully submitted,

**HUNTER, SMITH & DAVIS, LLP**

*/s/ Jimmie C. Miller*
Jimmie C. Miller, BPR No. 009756
P.O. Box 3740
1212 North Eastman Road
Kingsport, TN 37664
Direct: 423-378-8852; Facsimile: 423-378-8801
jmiller@*hsdlaw.com*
*Attorney for Defendant BFC Solutions*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 1, 2025, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system, and was served on Plaintiff by email as follows:

Leanna A. Loginov
**Shamis & Gentile, P.A.**
14 NE 1st Ave, Suite 705
Miami, FL 33132
Tel.: (305) 475-2299
lloginov@shamisgentile.com

Gerard Stranch, IV
Grayson Wells
**Stranch, Jennings & Garvey, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com

*/s/ Jimmie C. Miller*