IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JIMMY STRICKLAND, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>BFC SOLUTIONS,<br><br>Defendants. | Case No. 3:25-cv-001122<br><br>Judge Waverly D. Crenshaw, Jr.<br><br>Magistrate Judge Barbara D. Holmes |

**INITIAL CASE MANAGEMENT ORDER**

As a preliminary matter, the Court reminds the parties and their attorneys that all attorneys of record and attorneys who otherwise participate on behalf of a party in this case must familiarize themselves with and follow the case management procedures and instructions detailed in the Court's Notice and Order. (Docket No. 31.) From a review of the parties' proposed initial case management order (Docket No. 33) and the entire record in this case, the following case management schedule and plan is adopted:

A. JURISDICTION: The court has jurisdiction pursuant to 28 U.S. § 1332(d).

B. BRIEF THEORIES OF THE PARTIES

**For Plaintiff**: BFC Solutions' failure to properly secure and safeguard the personally identifiable information of Plaintiff and Class Members resulted in a Data Breach causing Plaintiff and Class Members injuries to which they are entitled relief.

**For Defendants**: BFC was a victim of a cyberattack. Unauthorized criminal actors infiltrated BFC's computer systems where certain personal information ("PII") was stored, including names, dates of birth, Social Security numbers, driver's license and/or State ID numbers (the "Incident"). Plaintiff Jimmy Strickland alleges that he received notice from BFC that his personal information may have been accessed during the cyberattack. Plaintiff has failed to plead sufficient factual

1

material that would establish the requisite elements for any of the asserted causes of action. Furthermore, Plaintiff cannot demonstrate gross negligence or wanton and willful misconduct as is required for a class action to proceed under Tennessee's Cybersecurity Act.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Damages and Liability

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1), which must include copies (not simply descriptions) of responsive documents and other materials (e.g. photos, videos, etc.) on or before **February 5, 2026**.[1]

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties are encouraged to make settlement efforts throughout the pendency of this case and must make a **minimum of two independent, substantive** attempts at resolution. By no later than **May 6, 2026**, the parties must file a joint case resolution status report confirming their first substantive attempt at settlement. **The parties must have conducted enough discovery or otherwise exchanged enough information prior to this date to substantively evaluate and discuss settlement.** By no later than **March 8, 2027**, the parties must file another joint status report, which either confirms their second substantive attempt at case resolution or updates the Court on the status of their intended second attempt. The parties' joint reports **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties are strongly encouraged to consider mediation and may mediate by

---

[1] Because this was the deadline proposed by the parties, presumably they have exchanged initial disclosures. Nevertheless, due to the unavoidable delay in entry of this Initial Case Management Order, if the parties have not yet exchanged initial disclosures, they must do so **by no later than 14 days** after the date of entry of this Initial Case Management Order.

agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). **The Court may also direct the parties to mandatory mediation.** Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of their compulsory obligations under this case resolution plan.**

G. DISCOVERY: Subject to further order, the parties must, by no later than **March 5, 2027**[2], (i) complete all written discovery and depose all fact witnesses and (ii) bring all discovery disputes to the Court's attention, unless otherwise permitted by the Court. Written discovery and scheduling of depositions must proceed promptly. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. The Court expects all parties and their counsel to cooperate in discovery and to act courteously and professionally in the resolution of any discovery disputes. The Court may impose appropriate sanctions, including any of those authorized by Fed. R. Civ. P. 16(f) or 37(b)(2)(A), upon a finding of a failure to comply with this or any discovery order or upon a finding of other discovery misconduct.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting must be brought

---

[2] Given this lengthy period for discovery, which is not necessarily unreasonable considering the complexities of this case, the parties are cautioned to proceed promptly with discovery as directed because extensions of the discovery cut-off deadline are unlikely to be granted.

3

promptly to the attention of the Magistrate Judge by the filing of a joint discovery dispute statement and a joint motion for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. In connection with any discovery conference, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

H. AMENDMENTS OR ADDITION OF PARTIES: Any motions to amend or to add parties must be filed by no later than **April 7, 2026** and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion. Amendments or addition of parties by written consent under Fed. R. Civ. P. 15(a)(2) must clearly and conspicuously state that the amendment is filed by written consent. Failure to clearly and conspicuously provide notice of the consent filing may result in the amended pleading being stricken.

I. DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiff must identify and disclose all expert witnesses and expert reports on or before **May 24, 2027.** The defendant must identify and disclose all expert witnesses and reports on or before **July 9, 2027.** Rebuttal experts

and reports shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions must be completed by **August 9, 2027**.

J. ANOTHER CASE MANAGEMENT CONFERENCE:[3] Because the Court has modified various deadlines in this case and reserved a proposed target trial date, another case management conference will be held telephonically on **July 20, 2026, at 2:00 p.m. (CDT)** using the Court's conference line at 1-855-244-8681, access code 2300 984 3452#. By no later than **July 15, 2026**, the parties must file a joint status report **that contains at least the following information**: (i) **details of the parties' progress toward completion of fact discovery**, including the status of written discovery, specifically what written discovery is outstanding and whether any written discovery has been completed, whether depositions have been taken or scheduled, including the number that have been taken and of whom and the number remaining to be taken, including of what particular witnesses and whether those depositions have been scheduled; (ii) **whether there are any known or anticipated discovery disputes**; (iii) **details of the parties' attempts at resolution of the case**, including whether the parties have engaged in settlement discussions and the **parties' intentions regarding mediation** or other ADR; (iv) **whether there are any known or anticipated matters** that require or may require action by the Court, including a brief description of any such matters[4]; (v) **selection of a target trial date,**

---

[3] The parties' attention is directed to this modified provision.

[4] This includes not only substantive matters such as discovery disputes, but also procedural matters, such as requested modifications of case management deadlines. If modifications of case management deadlines are requested, the status report must be filed as a joint motion, rather than as

5

**which must conform to the Court's requirements for a proposed target trial date**, including calculation of the mandatory interval following final briefing of motions for summary judgment, as detailed in the Notice and Order (Docket No. 31 at 5); and, (vi) **any other case management details or issues** that the parties wish to bring to the Court's attention. Counsel are equally responsible for initiating discussion of these matters for preparation of the joint status report.

The parties and their counsel are reminded of their responsibility to prepare this case according to the case management schedule. Failure to do so may result in any of the remedies authorized by Fed. R. Civ. P. 16(f). The Court will not provide reminders of case management deadlines and will not otherwise prompt the parties to give attention to this case. The parties may request that a case management conference be set by filing a joint motion for a case management conference, which must identify all issues to be discussed and detail the status of all case management events. If the purpose of the requested conference is to discuss extending case management deadlines, the motion must comply with the requirements for modifications of the case management order as instructed below. The parties must also state whether they request an in-person or telephonic case management conference.

K. MOTION FOR CLASS CERTIFICATION AND NOTICE:[5] Prior to the filing of a motion for class certification, lead counsel for the parties **must meet in person**[6] to discuss the proposed class and whether there is some class and/or notice that can be approved by agreement of the parties. The motion for class certification and notice procedures must be filed by no later than **May 5, 2027**. Response to the motion for class certification, if opposed, must be filed **within**

---

a notice, and must comply with the requirements for modifications of case management orders detailed below.

[5] The parties' attention is directed to this modified provision.

[6] To be clear, this is an explicit requirement. It does not mean meeting by videoconference or by any means other than in person.

6

Case 3:25-cv-01122   Document 36   Filed 02/10/26   Page 6 of 9 PageID #: 336

**28 days** of the filing of the motion. Briefs or memoranda of law in support of or in opposition to the motion shall not exceed 25 pages. An optional reply may be filed **within 7 days** of the filing of the response and shall not exceed 5 pages.[1] To be clear, this is an explicit requirement. It does not mean meeting by videoconference or by any means other than in person.

    L.  MOTION FOR CLASS DECERTIFICATION: Any motion for class decertification must be filed by no later than **the deadline below for summary judgment motions** and otherwise in compliance with Local Rule 7.01 except for the following expanded briefing schedule. Response to the motion for class decertification must be filed **within 28 days** of the filing of the motion. Briefs or memoranda of law in support or in opposition to the motion shall not exceed 25 pages. An optional reply may be filed **within 7 days** of the filing of the response and shall not exceed 5 pages.

    M. DISPOSITIVE MOTIONS: <u>**Any motions to dismiss under Fed. R. Civ. P. 12 shall be filed and briefed in accordance with that rule and with Local Rule 7.01.**</u> Motions for summary judgement and all other non-Rule 12 dispositive motions must be filed by no later than **August 31, 2027**. Responses to dispositive motions must be filed within **28 days** after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed **within 14 days** after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion must first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

    Before filing or responding to a summary judgment motion, attorneys are required to read and follow Local Rule 56.01 generally and specifically Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what

should (or should not) be included in the movant's "statement of undisputed material facts." Counsel must carefully draft the statement of undisputed material facts and response to ensure that each is a concise, focused, and non-argumentative statement of facts (not opinions, argument, or legal conclusions) that are material to the outcome of the case and are undisputed as supported by the record.

N. ELECTRONIC DISCOVERY: The parties anticipate reaching an agreement on how to conduct electronic discovery. Any agreement between the parties must be reduced to writing, and must either be (i) filed as a stipulation of agreed-upon electronic discovery procedures or (ii) if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval. In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

O. MODIFICATION OF CASE MANAGEMENT ORDER: Any motion to modify the case management order or any case management deadline must be filed **at least seven (7) days** in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement of counsel that the requested extension will not cause any dispositive motion deadline, including response and reply briefs, to be later than 120 days in advance of the trial date. Motions for extensions must also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the specific facts demonstrating good cause for modification of

the deadline as required by Fed. R. Civ. P. 16(b)(4). Failure to do so may result in denial of the requested extension.

P. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The **JURY** trial of this action is expected to last **approximately 5–7 days.** [7] Selection of a target trial date is **RESERVED**.

It is so ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[7] The parties are also reminded of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by the Magistrate Judge.