# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

**JIMMY STRICKLAND,** on behalf of himself
and all others similarly situated,

Plaintiff,

v.

**BFC SOLUTIONS,**

Defendant.

Civil Action No. 3:25-cv-01122

## DEFENDANT BFC SOLUTIONS' RESPONSE TO
## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant BFC Solutions ("BFC" or "Defendant"), by and through its undersigned counsel, hereby submits this Response to Plaintiff's Notice of Supplemental Authority [ECF No. 37] ("Notice").

The Court Opinion attached as Exhibit "B" to the Notice is an Opinion issued by a Tennessee State Court. [ECF No. 37-2]. Relying on *Webb v. Nashville Area Habitat for Humanity Inc.*, 346 S.W.3d 422 (Tenn. 2011), the Opinion in Exhibit "B" should not be used even for persuasive value, as "Tennessee has rejected the *Twombly/Iqbal* standard for analyzing motions to dismiss," and uses a less stringent standard of review. *Garner v. SDH Services East, LLC.*, 55 F. Supp. 3d 1016, 1022 (M.D. Tenn. 2014) (citing *Webb*, *supra*, at 426).

Further, the underlying complaint analyzed in the Memorandum Opinion attached as Exhibit "A" to the Notice is distinguishable from this matter on its face, as it originates within the healthcare context. [ECF No. 37-1], (*Felicia Cooper, et al. v. Nationwide Recovery Service, Inc., et al.*, No. 1:25-cv-00130-TRM-CHS, ECF No. 82 (E.D. Tenn. Apr. 21, 2026)) at pp. 1-2, 10. The underlying complaint in *Cooper* concerned the alleged unauthorized access to both PII and PHI

1

(protected health information), with the "hackers…able to infiltrate [the defendant's] network and stay there for '*nearly a week*' before [the defendant] realized malicious activity was occurring." *Id.*, at pp. 10-11 (emphasis added). The allegations for the matter presently before the Court do not take place in the healthcare context; rather, BFC Solutions is a commercial HVAC provider. [ECF No. 25], Am. Compl. ¶ 1. Plaintiff's Amended Class Action Complaint ("Amended Complaint") does not concern the exfiltration of PHI. *See id.* Additionally, the underlying Incident timeframe in Plaintiff's Amended Complaint is only June 18-20, 2024, whereas the incident in the *Cooper* matter was apparently almost an entire week. The facts underpinning the negligence analysis in *Cooper* are far and above what is found within the matter before this Court.

Lastly, the *Cooper* Court does note the defendant's delay of "almost a year to inform current and former patients of" the underlying event as a fact in support of its gross negligence analysis. [ECF No. 37-1, at p. 11]. However, the subject safe harbor statute does not concern negligence with respect to *reporting* of an event; rather, the statute states that there can be no liability unless the "cybersecurity *event* [itself] was caused by willful and wanton misconduct or gross negligence…". [ECF No. 37-1], at p. 10 (citing Tenn. Code Ann. § 29-34-215(b) (emphasis added).

For the foregoing reasons, and for the reasons set forth in its Motion to Dismiss, Defendant BFC Solutions respectfully submits that Plaintiff's Notice of Supplemental Authority and its associated Exhibits are unpersuasive and requests that Plaintiff's Complaint be dismissed in accordance with the arguments herein and outlined in BFC's Motion to Dismiss. BFC respectfully requests that this Honorable Court (1) grant its Motion to Dismiss; (2) dismiss the Amended Complaint in its entirety, with prejudice.

2

Respectfully submitted,

Dated: May 11, 2026                    MULLEN COUGHLIN LLC


By: */s/ Meghan J. Wood*
Meghan J. Wood
350 S. Northwest Highway, Ste. 300
Park Ridge, IL 60068
mwood@mullen.law

Jimmie C. Miller
HUNTER, SMITH & DAVIS, LLP
P.O. Box 3740
1212 North Eastman Road
Kingsport, TN 37664
Direct: 423-378-8852
Facsimile: 423-378-8801
jmiller@hsdlaw.com

Attorneys for Defendant

3

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 11, 2026, I electronically filed the foregoing DEFENDANT BFC SOLUTIONS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY with the United States District Court for the Middle District of Tennessee by using the CM/ECF system, which will send a notice of filing to all registered users, including counsel for all parties.

Dated:  May 11, 2026                                          MULLEN COUGHLIN LLC

By:  */s/ Meghan J. Wood*
Meghan J. Wood
350 S. Northwest Highway, Ste. 300
Park Ridge, IL 60068
mwood@mullen.law

4